IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| V. § | No. 3:16-cr-130-N (18) |
| § | |
| HIBAN MOLINA CAMACHO, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER OF DETENTION**

In the Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated June 26, 2017, United States District Judge David C. Godbey has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Hiban Molina Camacho should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Hiban Molina Camacho is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 61.

### **Background**

Defendant is set for sentencing before Judge Godbey on September 11, 2017. *See* Dkt. No. 382. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

-1-

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

As ordered, Defendant filed an Unopposed Motion for Continued Pretrial Release. *See* Dkt. No. 386.

The Court convened a hearing on July 11, 2017 on the matters referred by Judge Godbey, at which Defendant's counsel and the government's counsel appeared but at which Defendant failed to appear. The Court then issued a bench warrant for Defendant. *See* Dkt. No. 389. Defendant then was arrested and had an initial appearance in the District of Arizona, where a magistrate judge, following a hearing, ordered that Defendant be detained in the custody of the United States Marshal pending a further detention hearing in this, the charging district. *See* Dkt. No. 424.

The Court then set this matter for hearing on August 29, 2017. *See* Dkt. No. 425. On August 29, 2017, the Court held a hearing the matters referred by Judge Godbey, at which Defendant appeared in person and through counsel and the government's

counsel appeared. The Court confirmed at the hearing that Defendant had discussed with his counsel his options regarding a hearing on the pending detention-related matters, and Defendant knowingly and voluntarily waived his right to a hearing to contest whether he should continue to be detained, after having been advised by the Court that, if he did waive, the Court would order him detained pending further proceedings.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of Possession of a Controlled Substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). *See* Dkt. Nos. 322, 323, 324, 256, & 381. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the

presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showings that either the judicial officer find that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant. *See* Dkt. No. 386 at 2 & n.1.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18

-4-

U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 56], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The issue of Defendant's presentencing release begins and ends with whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id*. The United

States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015);

*United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

Defendant contends that he has demonstrated exceptional circumstances as to why his presentencing detention would not be appropriate because he is expecting the birth of his child on July 4, 2017, which will be his second child with Ms. Lesli Villalpando, with whom he is in a long-term relationship. "Defendant would ask the Court to find that being able to attend the birth of his child is an exceptional circumstance" and "that the Court not detain him and allow him to prepare his family as best he can for dealing with his imprisonment." Dkt. No. 386 at 2, 3.

Defendant has not show exceptional reasons why Defendant's detention pending sentencing would not be appropriate or, put another way, why remanding Defendant to custody until sentencing would be tantamount to subjecting him to unjust detention and, in fact, knowingly and voluntarily waived a hearing to attempt to show that as well as – having failed to appear for the July 11, 2017 hearing – by clear and convincing evidence that he is not a flight risk or a danger to the community.

**Conclusion**

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Hiban Molina Camacho should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant Hiban Molina Camacho will be detained pending sentencing. Accordingly, Defendant's Unopposed Motion for Continued Pretrial Release [Dkt. No. 386] is DENIED.

It is therefore ORDERED that Defendant Hiban Molina Camacho be committed to the custody of the Attorney General and United States Marshal for further

proceedings.

It is ORDERED that Defendant Defendant Hiban Molina Camacho, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: August 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE